CASE No. 898.

PENDER v. LANCASTER.

Where an execution debtor marries after levy upon his personal property but before its sale, he does not thereby become entitled to its exemption under the homestead provisions of the constitution of this state.

Before FRASER, J., Barnwell, September, 1879.

This was an action by T. C. Pender to recover from J. W. Lancaster, sheriff of Barnwell county, damages for the sale of a horse, which, as a work animal, was exempt from levy and sale, and to recover the balance due upon the execution paid by

plaintiff under protest, after levy upon his land. At the time of judgment rendered, and at the time of the levy upon the horse, plaintiff had no family, but married before its sale, and demanded of defendant its exemption, which was refused. The levy upon the land was after the sale of the horse. The presiding judge, by whom the case was tried, a jury having been waived, dismissed the complaint. Plaintiff appealed. In the arguments before this court no question was made about the balance paid upon the execution under protest, after levy upon the land.

*Mr. Robert Aldrich,* for appellant.

*Mr. I. M. Hutson,* contra.

July 30th, 1880. The opinion of the court was delivered by
WILLARD, C. J. The defendant, as sheriff of Barnwell county, levied upon a horse belonging to the plaintiff, under an execution issued upon a judgment recovered against the defendant. Subsequent to the levy the plaintiff married and claimed to have become the head of a family, and thereby entitled to a right of a homestead, and demanded of the defendant, as sheriff, the horse so levied upon, as exempt from execution. The defendant refusing to recognize such right of exemption, the present action was commenced, which resulted, at the Circuit, in a judgment of nonsuit.

The only question presented by the appeal is, whether the fact that the plaintiff became the head of a family and entitled to a homestead right, as such, and to the exemptions of personal property incident thereto, after the levy, entitled him to allege such exemption as against personal property actually levied upon prior to the acquisition of such right of exemption.

The argument of the appellant places the right of homestead, and to those exemptions of personal property connected therewith, on a peculiar footing, distinguishing them in important particulars from ordinary rights. The validity and effect of rights are usually tested by the state of things existing at the time they became operative. Conflicting claims in the nature of rights of property, general or special, take priority, as among

themselves, according to the time when they commenced to act. upon the particular subject of property. But the appellant regards the right of homestead and the concomitant right to exemptions of certain kinds of personal property, as *sui generis*, and as operating independently of the fact of having priority in point of time over other rights conflicting with them. The respondent claims that by virtue of the levy the execution took a special property in the horse levied upon, which, having become vested, could not be divested through a right of homestead exemption arising subsequently to the levy, while the appellant claims that the only test of the validity of the right of exemption is whether it existed at the time the property was demanded of the sheriff and at the time of sale.

. The right of homestead exemption, and that to the exemption of personal property of the prescribed kinds, must be regarded as of the same nature and attended by the same general incidents, as they are both created by the same instrument for the accomplishment of the same purpose, and only differ in the respect that one relates to real and the other to personal property, which is unimportant in its bearing on the question of their nature. It will serve the purpose of convenience to discuss the question as one of homestead exemption, reserving for subsequent consideration the question whether the difference in the mode of asserting the right in the two cases gives rise to any distinction between them material to the present question.

The provisions of the constitution granting the right of homestead exemption, must be regarded as taking effect in one or the other of two modes, namely, either as creating in certain persons rights of a remedial character, capable of being enforced by action or defence, as the case may require, or by limiting the jurisdiction and powers of the courts so as to deny a certain efficacy to their process. According to the view last mentioned, the constitution operates by way of disabling the process of the court from having any effect to deprive a person entitled to such exemption of the property to which such exemption relates. These provisions of the constitution (Article II., Section 32,) declare that certain rights of property held by certain persons, "shall be exempt from attachment, levy or sale, on any mesne

or final process issued from any court." Was it the intention of the constitution to deprive the process of the court of efficacy in certain cases by acting directly on such process? If so, then the levy of an execution upon property entitled to exemption, is, *ipso facto*, void. Certainly it cannot be contended that the process of a court can take an effect denied to it by the constitution, especially where, as is contended by the appellants, the object of the constitution was to act upon the process so as to prevent such an effect. Such being the case it would be unnecessary for the defendant in an execution, claiming property levied upon thereunder as exempt under the constitution, to take any steps to prevent a sale, but he might content himself by standing by silently until that property has passed into the hands of a purchaser from the sheriff, and then, by an action against such purchaser, contest the constitutional efficacy of the levy. In such a case the requirements of the statute, under which the debtor must assert his right of exemption in a particular manner, while the property is in the hands of the sheriff, would be not only useless, but in derogation of the constitution, as imposing conditions upon the right of exemption in excess of what is imposed by the constitution creating such right, declaring the cases in which it may be exercised and the mode of its exercise. It would also follow, if this view could be maintained, that a sale for the foreclosure of a mortgage or other lien created by the debtor, other than for the purchase money of the land, would be invalid, as the process by which such sale must be effected is within the description, set forth in the constitution, of the process from which such property is declared exempt. Another consequence that would result would be that when a judgment had once taken a lien upon land, that lien might be defeated by a subsequently arising right of homestead exemption, as the final process for enforcing it would be without capacity to operate against such a homestead right. That such consequences do not flow from the constitution is evident, not only from the consideration of the principles of construction, but from the opposite conclusions reached by this court, in general harmony with the views that have prevailed wherever the system of homestead exemptions has been adopted.

On the other hand, the conclusion that the constitution intended

as its proper effect, the investing of the debtor with a right of exemption that must be asserted as other similar rights are required to be asserted, and which might be lost by neglect to assert it, or by estoppel arising from his acts, and which, when asserted, would carry with it the usual incidents of such rights, is clear on the face of the constitution, and is in harmony with all the decisions under it. In that case the proper subjects upon which it must be regarded as intending effect are the rights of the judgment debtor and the duty of the officer or person using such process commensurate with such right. This view leaves the debtor to prosecute his right of exemption by such proceedings and means as may be prescribed by law for that purpose, not inconsistent with the constitution, for it includes the idea of creating the right and leaving to the legislature the duty of devising the remedy, while the opposite construction would involve the idea that the constitution itself has afforded the proper remedy by destroying the validity of what is done against its provisions, thus placing legislation on that subject beyond the reach of the legislature.

It must, therefore, be concluded that the proper effect of the constitution is to invest the debtor with a *right to demand* exemption in certain cases, in behalf of certain descriptions of property held by him as the head of a family. This right does not differ in its nature from other rights that may be made available by action or defence. It is true it looks to the protection of existing enjoyment rather than to future acquisitions, but numberless rights of action and defence are given for a similar purpose that are subject to the same rule.

As has been already said, when there are conflicting rights to any subject of property, they are always adjusted according to their relative priorities, having regard to the time when they commenced to be operative, so as to create a vested interest in such property. It cannot be disputed that the execution in the present case took, by the levy, a lien, a special property, in the horse levied upon, for the purpose of the execution, and that such lien existed effectively in the hands of the sheriff, as the agent of the law and of the parties, from the time of the levy. The right

of homestead subsequently arising, was, necessarily, subordinate to this right, because later in point of time.

It has already been said, in substance, that if a subsequently accruing right of exemption could defeat the lien of an execution levied upon personal property, it could also defeat the lien of a judgment upon land. There is no difference in the nature of these two liens, as they are allowed for the protection of the same rights and follow the same general principles. The difference between them is in the steps by which they are respectively acquired and the mode of realizing from them, arising from the difference between real and personal property. Both are equally amenable to the rule that rights must be determined according to their respective priorities. Thus, no ground of distinguishing the two appears, as it regards the effect upon them of rights subsequently arising.

From the foregoing conclusions it is manifest that the plaintiff obtained, by the acquisition of the general right of homestead, no rights as against the lien taken by the execution previously levied, and was accordingly properly nonsuited.

The appeal must be dismissed.

McIVER and McGOWAN, A. J.'s, concurred.